# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

SAMMY E. STEWART                                                                                   PETITIONER
ADC #103511

v.                                          4:20-cv-00011-BRW-JJV

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

I. **INTRODUCTION**

Petitioner Sammy E. Stewart, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2.) He alleges his convictions and continued incarceration violate his due process rights because he is actually innocent. (*Id*. at 3.) According to state court records[1] and the Arkansas Department of Correction website,[2] Mr. Stewart was tried, convicted, and sentenced in March 1997. He filed his habeas petition nearly twenty-three years later, on January 3, 2020. (Doc. No. 2 at 1.) I have conducted a preliminary review of Mr. Stewart's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed.

---

[1] *See State v. Stewart*, 58CR-96-209, http://caseinfo.arcourts.gov.
[2] *See* https://apps.ark.org/inmate_info/index.php.

## II.     ANALYSIS

Mr. Stewart's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Mr. Stewart's rape, aggravated robbery, and theft of property convictions became final on March 3, 1998, when the mandate issued on direct appeal.  *Stewart v. State*, 331 Ark. 359, 961 S.W.2d 750 (1998).  In affirming his conviction, the Arkansas Supreme Court recited the following facts proved at trial:

> On the evening of April 9, 1996, the forty-nine-year-old victim was at home in bed when she was awakened by a crashing sound. When she sat up, she saw a man standing at the end of her bed. She turned on the light and recognized the man because he had been to her front door earlier that evening asking to mow her lawn.

> The man ordered the victim to turn off the light, then held a knife to her throat and demanded money.
>
> After dragging the victim out of bed and into her living room, the man, still holding the knife to her throat, told her that he was going to rape her. He threw her on the couch and got on top of her. When the man removed the knife away from the victim's throat long enough to pull his pants down, she grabbed for the knife and cut her hand. Threatening to kill the victim if she called police, the man pushed her panties to one side without removing them. According to the victim, the man did not have an erection, but just "smushed it in." According to the victim, there was no doubt in her mind that the man penetrated her. While in the living room, the appellant told the victim that he wanted some jewelry and inquired about her video cassette recorder. Eventually, she managed to escape and ran to a neighbor's house to call police. When the appellant returned to the residence with police, she noticed that her videocassette recorder and several rings were missing.
>
> Police developed the appellant as a suspect in the case. On April 16, 1996, the victim identified the appellant and two or three others as suspects from an album containing photographs of approximately 170 males. Later that day, she identified the appellant and another man in a lineup as resembling her attacker. On a later date, when the victim had the opportunity to observe the appellant and hear his voice, she identified the appellant as her assailant. The victim identified the appellant again at trial, stating that "it was the same man, no doubt."
>
> In a statement given to Russellville Police Officer David Davis, the appellant initially denied that he had ever been to the victim's residence. However, he subsequently admitted that he had gone to the victim's house with another person who intended to break in. According to Officer Davis, the appellant claimed that he did not go inside because he thought that someone was there.
>
> Following a rape-kit examination that was performed on the victim, the victim's panties and vaginal swabs, both of which contained semen, were submitted to the State Crime Lab for testing. The State's expert who performed the DNA analysis testified that the probability of the victim's attacker being someone other that the appellant was one in fifteen thousand.
>
> A latent print taken from the victim's back door, determined by police as the perpetrator's point of entry, was also submitted to the State Crime Lab for analysis. Comparing this print to a fingerprint card bearing the appellant's prints, the State's fingerprint examiner testified that the impression left on the victim's back door was the appellant's left palm print.

*Id.* at 751, 361.

Petitioner does not allege any other subsection applies, so the period of limitation began running on March 3, 1998. And from my review of state court records, any statutory tolling under § 2244(d)(2) would be insufficient. Mr. Stewart filed a petition to reconsider or modify his sentence on August 17, 2017, which was denied on August 22, 2017. *See State v. Stewart*, 58CR-96-209, http://caseinfo.arcourts.gov. The denial was affirmed on appeal on May 17, 2018. *Stewart v. State*, 2018 Ark. 166, 546 S.W.3d 472. Accordingly, the application was pending for less than one year in total, which is not enough to save a federal habeas petition filed twenty-two years too late. Moreover, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Stewart has not made either showing.

As previously noted, Mr. Stewart does allege he is actually innocent. (Doc. No. 2 at 4.) It is true that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the impediment is expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the United States Supreme Court has made clear that tenable actual-innocence gateway pleas are rare: "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). This standard is "demanding" and seldom met. *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Mr. Stewart makes no real attempt to meet it: he cites no new evidence and does not explain why no reasonable juror would convict him. Rather, he cites the statutory requirement of proof of penetration for proving rape and asserts, without elaboration, that he is actually innocent. (Doc. No. 2 at 2-4.) On direct appeal, Mr. Stewart made this same argument

and the Arkansas Supreme Court rejected this argument, holding the victim's testimony and DNA evidence were sufficient to show penetration and sustain the rape conviction. *Stewart*, 331 Ark. at 363, 961 S.W.2d at 752.

When recognizing actual innocence as an exception to the AEDPA's statute of limitations, the United States Supreme Court was careful to say that "frivolous petitions should occasion instant dismissal" under Rule 4. *McQuiggin*, 569 U.S. at 400. Because Mr. Stewart's claim of actual innocence is nothing more than an unsupported allegation, his habeas petition is frivolous.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Stewart's habeas petition is untimely, dismissal is appropriate. If Mr. Stewart has information to show he is entitled to either statutory or equitable tolling, he should so state in his objections to this recommendation.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 10th day of January 2020.

                                                     JOE J. VOLPE
                                                     UNITED STATES MAGISTRATE JUDGE